## OGLETREE *v.* OGLETREE *et al.*, by next friend.

1. When a demurrer embracing several grounds is sustained in part, and one of the parties, desiring a review of the ruling adverse to him, sues out a bill of exceptions, the correctness of so much of the judgment as is in his favor does not come under review; and where no cross-bill of exceptions is sued out by the adverse party, so much of the judgment on the demurrer as is not under review will be treated as correctly defining and applying the law of the particular case on the matters involved.

2. Where a policy of insurance named A as beneficiary and stipulated that there could be no change of the beneficiary without A's consent, and A in writing subsequently released all her interest, present and prospective, to the insured, who then assigned the policy to B on condition that he reserved the right to change the beneficiary (the insurance company assenting to this assignment), and afterwards the insured, with the consent of the insurance company, assigned the policy to C, who was the holder thereof at the death of the insured, *Held,* that B's interest in the policy by virtue of the written assignment was subject to the right of the insured, during his lifetime, to substitute another beneficiary in his stead, and that B's interest in the policy was defeated by the subsequent assignment by the insured of the policy to C.

Argued May 25,—Decided November 13, 1906.

Rehearing denied December 20, 1906.

Equitable petition. Before Judge Pendleton. Fulton superior court. October 12, 1905.

The petition of Lowell C. and Wilbur P. Ogletree, suing by their next friend, Edna F. Ogletree, named the Home Life Insurance Company of New York and Joshua Pearce Ogletree as defendants,

and set forth the following allegations: Some seven years ago the father of petitioners, Quillian P. Ogletree, made application to the insurance company for a policy on his life, and a policy for $1,000 was issued in which his wife, Edna F. Ogletree, was named as beneficiary. The policy was taken out at her instance and request, and up to twelve months ago she paid or furnished the money with which to pay the premiums thereon. Then realizing her inability to pay future premiums, she agreed to transfer her interest in the policy to her two children, the petitioners, upon the understanding and with the assurance of her husband that he would continue the policy in force by payment of the premiums, and that the policy should not be assigned nor the beneficiaries changed thereafter. Application was accordingly made to the insurance company on August 6, 1903, to make the desired change in the policy, and petitioners became the beneficiaries thereunder. About August 6 of the following year, Quillian P. Ogletree applied to the insurance company to again change the policy so as to name his father, Joshua Pearce Ogletree, as the beneficiary, and on August 18, or thereabouts, the company complied with this request. Quillian P. Ogletree died on August 28, 1904. This last change of beneficiaries was made without the knowledge or consent of petitioners or of Edna F. Ogletree, was unlawful and fraudulent, and was done with intent to defeat the rights of petitioners. The defendant Joshua Pearce Ogletree was fully cognizant of all the facts in connection with the policy. He is now attempting to collect from the insurance company the amount due on the policy, and if successful, petitioners' rights will be defeated and they will be without remedy, since he is wholly insolvent.

The prayers of the petition were, that the insurance company be enjoined from paying out the proceeds of the policy, that a receiver be appointed to make proper proofs of death and collect the amount due on the policy, that Joshua Pearce Ogletree be restrained from taking further steps to collect its proceeds, and that petitioners be decreed to be entitled to the fund. By consent of parties, the insurance company was allowed to pay the proceeds of the policy into court and be thereupon dismissed as a party defendant. The other defendant demurred to the petition. Two of the special grounds of his demurrer were sustained, but the following grounds were overruled, viz.: (1) no cause of action is set forth, (2) no copy

of the insurance policy is set forth or attached to the petition, and (3) it does not set forth "wherein said change was fraudulent, nor in what the alleged fraud consisted, nor in what respect the said change of beneficiary is unlawful; nor is any reason shown why the assured in said policy could not change the beneficiary at will." By amendment to his demurrer the defendant pointed out wherein the petition was in certain respects indefinite. The plaintiffs, by leave of the court, amended their petition by setting forth the following additional allegations: After the filing of the suit Edna F. Ogletree married J. O. Hutchinson. Upon the faith of her agreement with Quillian P. Ogletree, which was verbal, and being led by him to believe that he could not afterwards change the beneficiary or assign the policy even if he so desired, she released her rights under the policy, by a writing dated July 24, 1903, in order that petitioners might be therein named as beneficiaries, and on August 6, 1903, he made a written assignment of the policy to them. She did not know how the policy had been transferred, but was told by him that the change in beneficiaries thereunder had been made as agreed. On August 18, 1904, he attempted to further assign the policy to Joshua P. Ogletree, his father, who had seen the policy, knew the terms thereof, and further knew that petitioners were the rightful beneficiaries thereunder. The written assignment to them contained this clause: "Reserving the right of revocation by giving written notice to the Home Life Insurance Company and returning the assignment for cancellation." It further recited that it was made subject to the terms and conditions expressed in the policy; but the insured, under the terms of the policy, did not reserve the right to change the beneficiary or to otherwise assign the policy without the consent of the beneficiary or assignee, as the case might be. The policy is in the possession of the defendant Ogletree, and for that reason petitioners can not attach a copy to their petition. The above-quoted clause of the written assignment to them was "unlawful and invalid," because (1) it is at variance with the terms of the policy and directly opposed to the same; (2) it is uncertain, insufficient, and too indefinite to constitute a valid clause of reservation of power to revoke the assignment in law, and (3) is in violation of the agreement with the original beneficiary. Neither she nor petitioners had any knowledge of this clause of the assignment, and that clause

is void for the further reason that it seeks to add to the terms of the original contract of insurance, is in violation of the agreement before mentioned, and in fraud of the rights of petitioners under the policy. This clause was inserted in the body of the assignment without the knowledge or consent of Quillian P. Ogletree; he was not aware that the assignment contained such a clause, and it was his intention to assign the policy to petitioners absolutely and without reservation, in order that they might become the sole beneficiaries thereof. If the insertion of this clause was not, as claimed, the result of mistake, then it was fraudulently inserted by Quillian P. Ogletree, who had represented to Edna F. Ogletree that he would make petitioners the beneficiaries under the policy, if she would release her rights therein. On August 3, 1904, he was appointed guardian of certain property of petitioners and qualified as such, the property referred to in his application to the ordinary being described as a policy of insurance on his life in the Home Life Insurance Company of New York.

Attached to the plaintiffs' amendment were copies of the written assignment to them, together with the release signed by the original beneficiary, and the subsequent assignment of the policy to the defendant Ogletree. Plaintiffs prayed that should the court hold that the written transfer to them was not fully effective, they should be permitted to have it reformed and made absolute. The amendment was allowed over the objection of the defendant, who filed exceptions pendente lite to its allowance. The defendant also demurred to the petition as amended, on the grounds, (1) that no cause of action was set forth, (2) because the contract sought to be enforced was not in writing, and (3) because that contract, being between Edna F. Ogletree and the insured, could not be enforced by the plaintiffs, neither of whom was a party thereto. Error is assigned upon the overruling of the defendant's demurrers and upon the allowance of the amendment to the plaintiffs' petition.

*W. H. Terrell,* for plaintiff in error.

*Payne, Jones & Jones,* contra.

EVANS, J. (After stating the facts.) The petition as amended presented two theories as a basis of recovery. The first is dependent upon the effect to be given to the assignment of the policy by the insured to the plaintiffs, wherein it is stipulated that the assignor reserves to himself "the right of revocation by giving

written notice to the Home Life Insurance Company and returning the assignment for cancellation," and that the "assignment is made subject to all the terms and conditions expressed in said policy." It is contended that this reservation was inoperative and of no effect, because at variance with the express terms of the policy. The second theory relied on for a recovery was that the release executed to the insured by Mrs. Edna F. Ogletree of all of her rights under the policy was made upon the consideration that the policy of insurance should be unconditionally transferred to the plaintiffs, and that the insured, in fraud of the rights of the plaintiffs, subsequently transferred the policy to the defendant, who had notice of the fraud. The grounds of the demurrer which the court sustained related to the validity of the oral agreement between Mrs. Ogletree and the insured, relative to the assignment of the policy to the plaintiffs, and to their right to invoke this agreement, to which they were not parties. There is no complaint as to the correctness of the judgment sustaining these special grounds of the demurrer, the plaintiffs having acquiesced therein, instead of suing out a cross-bill of exceptions.

1. The order sustaining these grounds of the demurrer recites that "all reference to the contract or agreement mentioned is stricken." The contract or agreement referred to in the order is that between Mrs. Ogletree and her husband, the insured, by which she was to surrender her rights as the nominated beneficiary in consideration that the plaintiffs be made the assignees of the policy. The fraud relied on by the plaintiffs was that this contract had been ignored and the defendant had been fraudulently substituted as beneficiary. The effect of the ruling of the court, which is unexcepted to, was to eliminate from the plaintiffs' petition the second theory relied on by them for a recovery.

When a demurrer embracing several grounds is sustained in part and overruled in part, and one of the parties, desiring a review of the ruling adverse to him, sues out a bill of exceptions, the correctness of so much of the judgment as is in his favor does not come under review; and if the adverse party desires to bring the same under review, he must sue out a cross-bill of exceptions.

2. As the policy was not before the trial judge, he was bound to take as true the allegation of the plaintiffs that the policy as originally issued stipulated that there could be no change of the bene-

ficiary therein named without her consent. But she did consent, and in writing released all her interest, present and prospective, to the insured. He thus became the sole and absolute owner and holder of the policy. The insured then assigned it to the plaintiffs on condition that he reserved the right to change the beneficiaries, and the company assented to this assignment. The contract may reserve to the insured the right to change the beneficiary at will; and when this is done, the nominated beneficiary acquires no vested interest in the policy or its proceeds, and, until the death of the insured, has a mere expectancy. Elliott on Ins. § 355; *Nally* v. *Nally,* 74 *Ga.* 669. Accordingly the plaintiffs, who acquired an interest in the policy only by virtue of the written assignment to them, took it subject to the right, of the insured during his lifetime to substitute another beneficiary in their stead.

As the theory of fraud was eliminated from the case by the judgment sustaining two of the grounds of the demurrer, and as the plaintiffs, under the assignment to them, took no vested interest in the policy or its proceeds, the judgment overruling the general demurrer to their petition must be set aside.

*Judgment reversed. All the Justices concur.*