## FARMERS STATE BANK *v.* KELLEY.

1. A petition alleging that the plaintiff was the beneficiary by revocable designation in a policy of insurance on the life of her husband, that she and her husband, during his last illness and a few days before his death, and while the husband was mentally incapable of transacting any business, jointly assigned the policy to a creditor of the husband to secure a debt of the husband, that the assignment was void because

of such mental incapacity of the husband, and praying the cancellation of the assignment, set out a good cause of action, and the court did not err in overruling a demurrer thereto.

2. The wife was not estopped from attacking the validity of the husband's assignment of the policy, on the ground of his want of sufficient mental capacity to make the same, because she joined him in such assignment, for the reason that she could not lawfully assign even her expectancy under the policy during his life to secure his debt, and because she had no such vested interest in the policy with respect to which she could contract.

3. Where in an ordinary life-insurance policy no power is reserved to the insured to change the beneficiary or to assign the same, the beneficiary upon the issuance of the policy acquires a vested interest therein, and the insured can not assign the policy to another; but where the policy expressly provides that the insured, without the consent of the beneficiary, may at any time, by special agreement with the insurer, or in accordance with the terms of the policy, assign the same, the insured can lawfully assign the policy to his creditor to secure his debt, although the designated beneficiary may be his wife.

4. Where the insurer consents to such assignment, during the life of the insured, the assignment is not rendered invalid because the company does not attach to the policy its formal written memorandum of consent until after the death of the insured.

5. Neither the assignor nor the beneficiary can take advantage of the failure of the insurer to consent to such assignment, and of its neglect to attach such memorandum of its consent to the policy during the life of the insured.

6. The insured having the right to assign the policy to his creditor to secure his debt, and the attack on the assignment for lack of mental capacity of the insured to execute it being without any proof to support it, the court erred in directing a verdict for the plaintiff.

No. 3511. June 7, 1923.

Equitable petition. Before Judge Shurley. Lincoln superior court. October 26, 1922.

*C. J. Perryman,* for plaintiff in error.

*Homer Legg* and *Colley & Colley,* contra.

HINES, J. A husband took out a policy of insurance on his life in the Inter-Southern Life Insurance Co., payable to his wife, as " beneficiary by revocable designation," upon receipt of due proof of the death of the insured. The policy contained the provision that when the right of revocation had been reserved, or in case of death of any beneficiary under either a revocable or irrevocable designation, the insured, if there were no existing assignment of the policy made as therein provided, might, while the policy was in force and subject to the company's rules governing the designation of beneficiaries, designate a new beneficiary, with or

without the right of revocation; and that every change of beneficiary must be made by written notice to the company, and would take effect only upon indorsement upon the policy by the company. The policy further provided that "without the consent of the beneficiary the insured may at any time, by special agreement with the company, or in accordance with the terms of the policy, surrender this policy for cancellation or have insurance thereunder terminated, or assign the policy or accept loans thereon, and, at his option, receive every benefit, exercise every right, and enjoy every privilege conferred by its terms upon the insured." On Jan. 4, 1922, the company wrote the Farmers State Bank a letter in which the former stated that it had been unavoidably delayed in replying to the letter of the bank of Dec. 16, 1921, that it noted the insured's desire to assign to the bank this policy as collateral security for a loan, that it was inclosing its regular assignment forms, which should be filled in, signed by the insured and his wife, and both signatures acknowledged before a notary public, and in which letter the company requested the return of both blanks thus executed to its home office at Louisville, Ky., when the assignment would be noted on its records, and one copy attached to the policy which would be promptly returned to the bank. On Jan. 9, 1922, the insured and his wife assigned and transferred this policy to the bank, except the loan and surrender values, the right to which should be exercised by the assignors and the bank jointly. The policy and this assignment were received by the company at its home office on Jan. 12, 1922. The policy and the assignment in duplicate were mailed to the company by the bank on Jan. 10, 1922. On Jan. 19, 1922, the company attached its written consent to said assignment. The insured died on Jan. 15, 1922. The wife filed her petition for a cancellation of this assignment, and alleged that on Jan. 9, 1922, her husband was indebted to the Farmers State Bank, in the sum of about $585; that the bank procured said assignment to secure said debt; that there was no other consideration for said assignment; and that at the time of said assignment her husband was in his last illness, by reason of which his mind had become impaired and deranged, and he was mentally incapable of transacting business and of understanding the nature and consequences of his act in making such assignment. She prayed for cancellation of said assignment.

The defendant demurred to this petition, on the ground that it set forth no cause of action, either legal or equitable. The court overruled the demurrer, and error is assigned on this judgment. The case proceeded to trial and the facts hereinbefore stated were proved. There was no evidence introduced on the trial showing that the husband was mentally incapable of executing the assignment of this policy to the bank. At the conclusion of the evidence the court directed a verdict for the plaintiff, on the ground that the bank could not hold this policy under this assignment. Error is assigned by the bank upon the direction of this verdict.

1. The court did not err in overruling the demurrer to the petition. The plaintiff, who was the wife of the insured, was designated in the policy as " beneficiary by revocable designation." As the insured had not named another as beneficiary in her place, and if he had failed to make a valid assignment of the policy to the bank, the wife, on his death, would be entitled to the proceeds of the policy. If the assignment made by the insured and the plaintiff to the bank was invalid and void because the insured was mentally incapable of making the assignment, then the assignment was, in effect, that of the wife alone; and as it was made to secure the debt of the husband, it was null and void. Civil Code (1910), §§ 2993, 3007; *Rountree* v. *Rentfroe,* 139 *Ga.* 290 (77 S. E. 23); Union Cen. L. Ins. Co. *v.* Woods, 11 Ind. App. 335 (37 N. E. 180, 39 N. E. 205). Furthermore, she would not be estopped, because she had no interest in the policy with respect to which she could contract. Hicks *v.* N. W. Mut. L. Ins. Co., 166 Iowa, 532 (147 N. W. 883, L. R. A. 1915A, 872). Being without authority to assign the policy to secure her husband's debt, she would not be estopped from asserting title to it by having joined with her husband in its assignment to the bank. *Humphrey* v. *Copeland,* 54 *Ga.* 543; *Chappell* v. *Boyd,* 61 *Ga.* 662; *Windsor* v. *Bell,* 61 *Ga.* 671; *Grant* v. *Miller,* 107 *Ga.* 804, 806 (33 S. E. 671). Accordingly the petition set forth a good cause of action, and was not subject to the demurrer. If the case had been proved as laid, the plaintiff would have been entitled to a verdict.

2. But we are equally clear that the court erred in directing a verdict in favor of the plaintiff under the evidence. In an ordinary life-insurance policy, where no power to change the benefici

ary or to assign the policy is reserved to the insured therein, the issuance of the policy confers a vested right in the person so named as beneficiary, and the insured can not transfer such interest to any other person without the consent of such beneficiary. *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46); *Roberts* v. *Northwestern Nat. L. Ins. Co.,* 143 *Ga.* 780 (85 S. E. 1043); Central Bank *v.* Hume, 128 U. S. 195 (9 Sup. Ct. 41, 32 L. ed. 370). The rule is different where a person, who is a mere volunteer beneficiary, is named in a certificate issued by a mutual benefit society upon the life of one of its members. *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428); *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E. 977). It is also different where the insured names a beneficiary by revocable designation, thus expressly reserving the right to change the beneficiary, or where the insured reserves the right to assign the policy. In either event the insured may assign the policy. In such event the beneficiary acquires no vested right or interest in the policy. Hopkins *v.* Hopkins, 92 Ky. 324; Mente *v.* Townsend, 68 Ark. 391 (59 S. W. 41); Wirgman *v.* Miller, 98 Ky. 620 (33 S. W. 937); Mutual L. Ins. Co. *v.* Twyman, 122 Ky. 513 (92 S. W. 335, 97 S. W. 391, 121 Am. St. R. 471); *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458); *Ogletree* v. *Ogletree,* 127 *Ga.* 232 (55 S. E. 954); Griffith *v.* N. Y. L. Ins. Co., 101 Cal. 627 (36 Pac. 113, 40 Am. St. R. 96); Ellis *v.* Fidelity &c. Co., 163 Iowa, 713 (144 N. W. 574, L. R. A. 1915A, 109); Hicks *v.* N. W. Mut. L. Ins. Co., supra. In *Ogletree* v. *Ogletree,* supra, this court said: "The contract may reserve to the insured the right to change the beneficiary at will; and when this is done, the nominated beneficiary acquires no vested interest in the policy or its proceeds, and, until the death of the insured, has a mere expectancy." In the policy under consideration, it is expressly provided that the insured, without the consent of the beneficiary, may, at any time by special agreement with the company, or in accordance with the terms of the policy, surrender the policy for cancellation, or have the insurance thereunder terminated, or assign the policy, or accept loans thereon, and at his option receive every benefit, exercise every right, and enjoy every privilege conferred by its terms upon the insured. Under these broad powers, the wife of the insured had no vested interest in this policy or its proceeds, and until the death of the insured

47

had a mere expectancy; and the husband could, at any time in accordance with the terms of the policy, assign the policy, without the consent of the wife, to the bank to secure his indebtedness to it. Before the death of the insured the insurer consented to this assignment. On Jan. 4, 1922, the company wrote the bank a letter in which it acknowledged the receipt of a letter from the latter stating that the insured desired to assign this policy to the bank as collateral security for a loan. The company sent the bank its regular assignment forms, with the request that they should be filled in, signed by the insured and his wife, and both signatures acknowledged before a notary public. In this letter the company further requested the return of both blanks thus executed to its home office, and wrote the bank that the assignment would be noted on its records, and that one copy, attached to the policy, would be promptly returned to the bank. On Jan. 9, 1922, the assignment was executed by the insured and his wife. The policy and this assignment were mailed to the company, and received by it at its home office on Jan. 12, 1922. The insured died on Jan. 15, 1922. By neglect of the company, its written memorandum consenting to the assignment was not attached to the policy until Jan. 19, 1922, four days after the death of the insured; but as the company had previously consented to the assignment, this neglect would not avoid the assignment. The assignors can not take advantage of this neglect on the part of the company to defeat the assignment. Even a stipulation in the policy against the assignment could be taken advantage of only by the insurer, and does not enable the assignor to avoid the assignment. Spencer *v.* Myers, 150 N. Y. 269 (44 N. E. 942, 34 L. R. A. 175, 55 Am. St. R. 675).

So this assignment to the bank was valid, and entitled the bank to the proceeds of this policy, if the insured was not mentally incapable of making the assignment. There being no evidence introduced by the plaintiff to establish the allegation in her petition that the insured was mentally incapable of executing the assignment, the validity thereof remains unimpeached. The plaintiff having failed to establish the allegation of the mental incapacity of the insured, she failed to make out her case, and the court erred in directing a verdict in her behalf.

There is nothing to the contrary of what is ruled above in the

cases relied on by counsel for the plaintiff. In *Smith* v. *Head, 75 Ga.* 755, the court held that 'where the husband took out a policy of life insurance in which his wife was named as beneficiary, it became her property, and if she transferred it to a creditor of her husband to secure his debt, such transfer was void. Civil Code (1910), § 2498. The right of the husband to assign the policy was not involved in that case. In *Perry* v. *Tweedy*, supra, it does not appear that the husband reserved in the policy the right to change the beneficiary therein, or to assign the policy. Besides, that case did not deal in any way with the right of the husband to assign the policy to one of his creditors as security for a debt. In *Thomas* v. *Met. L. Ins. Co.,* 144 *Ga.* 367 (87 S. E. 303), there was the express provision that if the policy was assigned except by indorsement thereon signed by the secretary of the company, the policy should be void. There was no such provision in the policy involved in this case.

*Judgment reversed. All the Justices concur.*