### 14532.　RATTRAY *v.* BANKS.

STEPHENS, J. 1. A beneficiary in a life-insurance policy, where the insured has reserved the right to change the beneficiary, has no vested interest, and an assignment of the policy by the insured to a creditor, for the purpose of securing an indebtedness of the insured which is less than the face value of the policy, amounts to a change of beneficiary pro tanto.

2. A consent by the beneficiary to the assignment is, since the beneficiary's interest has thus been divested by the insured, unnecessary to the validity of the assignment, and where such beneficiary is the wife of the insured, a consent by her to the assignment, since it conveys no interest, cannot amount to a transfer of the wife's property in payment of her husband's debt.

3. This case is distinguishable from *Smith* v. *Head*, 75 *Ga.* 755, since it appears that in the latter case the assignment was by the wife as beneficiary alone; and, it not appearing that there was any assignment or change of beneficiary by the insured, who was the husband, the assignment by the wife was necessarily void in so far as it conveyed her interest in the policy for the payment of her husband's debt.

4. Where the assignment was made by the insured for the purpose of securing the transferee as indorser upon certain notes due by the insured to a bank, and the contract between the insured and the transferee as expressed in the assignment provided that the transferee should, in the event of the death of the insured, collect from the insurer the proceeds due under the policy, and, "after paying off all of said notes remaining unpaid, . . [the transferee should] . . turn over to [the insured] or his estate the amount received on said policy over and above the amount of said notes, interest, and expenses," a reasonable attorney's fee, if incurred by the transferee in collecting the amount due the insured under the policy, could be retained by the transferee after paying the principal and interest due on the notes.

5. This being a suit by the wife against the transferee to recover the amount retained by him out of the amount which he collected from the insurer and which the transferee alleged he was entitled to retain by virtue of the provisions in the assignment, and the sums retained being only the principal and interest due on the indebtedness, plus $50 as expense incurred by the transferee in the payment of an attorney's fee, and there being no dispute as to the correctness of the amount due as principal and interest, and the retention of the amount claimed by the defendant as attorney's fee being contested only upon the ground that it could not be retained under a proper construction of the con-

tract, and not upon the ground that the expense was unreasonable or had not been incurred by the defendant, the verdict and judgment was supported by the evidence, and the court did not err in overruling the plaintiff's motion for a new trial.

See in this connection: Civil Code, (1910), § 2498; *Bilbro* v. *Jones*, 102 *Ga.* 161 (21 S. E. 118); *Nally* v. *Nally*, 74 *Ga.* 669 (58 Am. R. 458); *Grenville* v. *Crawford*, 13 *Ga.* 355; Cohen *v.* Samuels, 245 U. S. 50 (38 Sup. Ct. 36); Cohn *v.* Malone, 248 U. S. 450 (39 Sup. Ct. 141).

*Judgment reversed.*    *Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 9, 1924.

Complaint; from city court of Decatur—Judge Daley.   March 3, 1923.

*C. L. Redman, A. C. Corbett,* for plaintiff.

*McElreath & Scott,* for defendant.