## MERCHANTS BANK *et al. v.* GARRARD.

1. Where a policy of life insurance does not provide for a change of beneficiary, the general rule is that the policy, or the money to become due under it, vests immediately in the person named as beneficiary, and that this interest being vested cannot be transferred to any other person without the consent of the named beneficiary.

2. Where a policy of life insurance provides that the insured ·may change the beneficiary, the general rule is that the beneficiary has an interest in the policy divestible by the substitution of a new beneficiary by the insured. In a strict legal sense the interest of the beneficiary under such circumstances is not a vested right.

3. Under a policy which reserves to the insured the right to change the beneficiary, such right is one of contract, and the change of beneficiary can be accomplished only in the manner pointed out in the policy.

4. Where the insured in a policy of life insurance reserves to himself the right to change the beneficiary, and the right to make an assign-. ment thereof is given in such policy, and where, with the consent of the insurer, the insured assigns the policy to a bank to secure an indebtedness, the assignment purporting to convey all the right, title, and interest of the insured, "together with all dividends, benefits, and advantages to be had or derived therefrom," such assignment being filed with the company at its home office and proper indorsement of the assignment being entered on the policy, such assignment effects a change of beneficiary just as if there had been a substitution of the assignee for the beneficiary in that part of the policy in which the name of the beneficiary appears. Such an assignment ·is, in effect, a substitution of a new beneficiary.

5. The petition failed to set forth a cause of action, and the court below erred in not sustaining the general demurrers.

No. 4007. SEPTEMBER 20, 1924. REHEARING DENIED OCTOBER 2, 1924.

Equitable petition. Before Judge Franklin. Richmond superior court. September 29, 1923.

Ruth Green Garrard filed her equitable petition against the Merchants Bank, T. R. Bennett, State superintendent of banks, George B. Barrett, liquidating agent for said bank, and the Pacific Mutual Life Insurance Company; and made this case: (1) That on October 26, 1921, the directors of said bank turned over to the State superintendent of banks all its assets, including a claim against Crawford G. Garrard of approximately $10,000; (2) that as security for said indebtedness said Crawford G. Garrard, on September 11, 1918, assigned and transferred to said bank, as its interest may appear, the right, title, and interest in and to a policy issued by said insurance company upon his life, a copy of said assignment being attached to the petition as an exhibit; (3) that by the terms of said policy said company promised to

pay at its home office, on receipt there of due proof of the death of the insured, $10,000, less any indebtedness and unpaid portion of the premiums for the then current policy year, to petitioner, the wife of the insured and beneficiary named therein; (4) that the following rule is set out in said policy to govern a change of beneficiary therein, to wit: "Change of Beneficiary.—The insured, with the assent of the assignee when there is an existing assignment made as herein provided, other than an assignment to the company as collateral security for a policy loan, may, while this policy is in force, designate a new beneficiary, reserving the right of revocation, by filing written notice thereof at the home office of the company, accompanied by this policy for endorsement thereon. Such change shall take effect on the endorsement of the same on this policy by the company, and not before. Should there be no beneficiary living at the time this policy becomes a claim by death, the proceeds hereof shall be paid to the executors, administrators or assigns of the insured;" (5) that the following rule is set out in said policy to govern an assignment thereof, to wit: "Any assignment of this policy must be made in writing. The company shall not be deemed to have knowledge of any assignment unless the original or a duplicate thereof is filed at the home office of the company, and its receipt duly acknowledged. The company will not assume responsibility for the validity of any assignment;" (6) that said policy was dated August 27, 1918, and the beneficiary therein was never changed from petitioner; (7) that the assignment of said policy was made with the full knowledge of the fact that petitioner was named as beneficiary therein, and said assignment was made subject to the rights of petitioner as such beneficiary; (8) that the insured died on December 31, 1922, and petitioner survived him; (9) that under the terms of said policy and under the law petitioner is entitled to the proceeds of said policy; (10) that the policy is in the possession of the bank and the agents in charge thereof; (11) that said bank claims that all of the money due and collectible under said policy belongs to it absolutely, and that petitioner is not entitled to any of the proceeds until the claim of the bank has been fully satisfied; (12) that said bank has presented to said insurance company proof of the death of the insured, for the purpose of having all of the money due and collectible thereunder paid to it; (13) that said bank is

insolvent; (14) that unless said bank, the State superintendent of banks, said liquidating agent, and said insurance company be temporarily enjoined from collecting and paying said money, the same will be paid over to said bank instead of to petitioner, who is legally entitled to the same; and (15) that petitioner is without an adequate remedy at law. Petitioner prayed for process; that the bank, the State superintendent of banks, and the liquidating agent be temporarily enjoined from collecting the proceeds of said policy; that said insurance company be temporarily enjoined from paying over the proceeds of said policy to said bank, superintendent, and agent; and that petitioner be declared to be the beneficiary of said policy and entitled to the proceeds of the same.

The assignment of the policy by the insured is as follows:

"Assignment of Policy as Collateral Security.

"For Value Received, I hereby assign and transfer unto the Merchants Bank, of Augusta, Ga., as their interest may appear, and of the remainder, if any, to my wife Mrs. Ruth Green Garrard, all the right, title, and interest in and to policy of insurance No. 338256, issued by The Pacific Mutual Life Insurance Company of California upon the life of Crawford Gibson Garrard, together with all dividends, benefits, and advantages to be had or derived therefrom, and from any supplementary agreement or separate contract providing for accidental total loss benefits which may have been issued on the aforesaid life by the said insurer under the same policy number as that above mentioned, and all subject to the conditions of the said policy supplementary agreement or separate contract, and to the rules and regulations of said insurer. [I] do guarantee the validity and sufficiency of the foregoing assignment to the above named assignee, h— executors, administrators or assigns (successors or assigns if assignee is a corporation), and said assignee's title to said policy will forever warrant and defend. This assignment is made as collateral security for the payment of —————————dollars, with interest, together with any sums advanced by said assignee for the purpose of paying premiums on said policy of insurance, and with full power to said assignee or —————————legal representatives, subject to the conditions of the said policy and the rules and regulations of said insurer, to enjoy all benefits and advantages to be had or derived therefrom, and to exercise all rights and privileges in connection therewith, any

moneys received from said insurer by said assignee or——————
legal representatives under this power, however, to be so received
in trust, but without any liability on the part of said insurer to
see to the proper discharge of the trust or of any part thereof.
Each person executing this assignment represents to said insurer
that he, or she, has attained majority according to the laws of
the State in which he, or she, resides. Witness my hand and seal,
this 11th day of September, 1918.

"Crawford Gibson Garrard. (Seal.)

"State of Georgia,       }
"County of Richmond.  } ss.

"On this 11th day of Sept., 1918, before me, W. H. Sherman,
a notary public in and for said county, personally appeared Craw-
ford Gibson Garrard, known to me to be the person whose name
is subscribed to the foregoing instrument, and acknowledged that
he executed the same. I further certify that, after careful in-
vestigation in that behalf, I believe the said Crawford Gibson
Garrard to be of lawful age, of sound mind and competent to
execute said instrument, and to have a full understanding of the
contents thereof.

"W. H. Sherman, Notary Public in and for the County of Rich-
mond, State of Georgia.

"The Pacific Mutual Life Insurance Company of California, in
accordance with its rules as stated below, has retained the duplicate
of this assignment.

"Los Angeles, Cal., September 21, 1918.   C. E. D. Moore,
Assistant Secretary.

"Notice: The rules of the insurer require that an assignment
must be in writing, and that the insurer shall not be deemed to
have knowledge of such assignment unless the original or a duplicate
thereof shall be filed at the home office of the insurer, its receipt
duly acknowledged, and, if the terms of the policy so require,
proper endorsement made thereon. The insurer will not assume or
accept any responsibility as to the validity of any assignment. The
acknowledgment by an assignor must be made before a notary
public and certified by him under his official seal. When an assign-
ment is executed by an officer on behalf of a corporation, the
seal of the corporation should be attached, together with a certified

copy of the by-laws of such corporation, or a certified copy of the minutes of the meeting of the board of directors, authorizing such officer so to act. Both original and duplicate of the assignment should be sent to the home office, one copy being retained by the insurer and the other returned."

The State superintendent of banks and the liquidating agent of the bank demurred generally to said petition, on the ground that it set forth no cause of action against them or either of them. The bank likewise demurred. The court overruled each of the demurrers; and the defendants excepted.

*Hull & Barrett,* for plaintiffs in error.  ·

*W. Inman Curry,* contra.

HINES, J. (After stating the foregoing facts.) Where a policy of insurance does not provide for a change of beneficiary, the general rule is, that the policy and the money to become due under it vest immediately in the person named as the beneficiary, and that this interest, being vested, cannot be transferred to any other person without the consent of the named beneficiary. *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46) ; *Roberts* v. *Northwestern Nat. L. Ins. Co.,* 143 *Ga.* 780 (85 S. E. 1043) ; *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (118 S. E. 197) ; Central Bank *v.* Hume, 128 U. S. 195 (9 Sup. Ct. 41, 32 L. ed. 370). Where a policy of life insurance provides that the insured may change the beneficiary, the general rule is that the beneficiary has an interest in the policy divestible by the substitution of a new beneficiary by the insured. In such a case this right is often spoken of in the decisions of the courts as a vested right. *Arnold* v. *Empire &c. Ins. Co.,* 3 *Ga. App.* 685 (60 S. E. 470). Strictly speaking, the right of the beneficiary in a policy in which the insured reserves the right to change the beneficiary or to assign the policy is not a vested right. To be vested, in its accurate legal sense, a right must be complete and consummated, and one of which the person to whom it belongs cannot be divested without his consent. A divestible right is never, in a strict sense, a vested right.

In *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458), this court held that, under a policy which provided "that the assured may, with the consent of the company, at any time assign it, or, before assignment, change the beneficiaries therein, or make any other change," the

right of the beneficiary was not absolute and irrevocable. In *Ogletree* v. *Ogletree,* 127 *Ga.* 232 (55 S. E. 954), this court said: "The contract may reserve to the insured the right to change the beneficiary at will; and when this is done, the nominated beneficiary acquires no vested interest in the policy or its proceeds, and, until the death of the insured; has a mere expectancy." Still, under a policy which reserves to the insured the right to change the beneficiary, such right is one of contract; and the change of beneficiary can be accomplished only in the manner pointed out in the policy. *Roberts* v. *Northwestern &c. Ins. Co.,* supra; *Chance* v. *Simpkins,* 146 *Ga.* 519 (91 S. E. 773). In these cases this court was dealing with changes of beneficiaries under provisions in policies reserving to the insured the right to change the beneficiaries; and was not considering the question of the change of a beneficiary by an assignment of the policy. So in this case, if the insured had desired or undertaken to change the beneficiary, under the provision in the policy authorizing him to make such change, he would have been required to pursue the method of such change stipulated in the policy. For good and sufficient reasons the insured may not desire to change the beneficiary; but at the same time he might wish to assign the policy in order to enable him to borrow money thereon or as security for indebtedness due by him. He did assign the policy for the last-named purpose. Under the policy the insured had the right to assign the same. Did the assignment by the insured, without a change of beneficiary by the mode provided in the policy, transfer to the assignee the rights and benefits under this policy, to the exclusion of the beneficiary named therein. This is the big and controlling question in this case. When the insured in this life policy, with the consent of the insurer, assigned the policy to the bank, the assignment purporting to convey all right, title, and interest of the insured, "together with all dividends, benefits, and advantages to be had or derived therefrom," there was a change of beneficiary as well as if there had been a substitution of the assignee for the beneficiary in that part of the policy in which the name of the beneficiary appeared. Such an assignment was, in effect, a substitution of a beneficiary. Mutual L. Ins. Co. *v.* Twyman, 122 Ky. 513 (92 S. W. 335, 97 S. W. 391, 121 Am. St. R. 471) ; Crice *v.* Illinois Ins. Co., 122 Ky. 572 (92 S. W. 560, 121 Am. St. R. 489) ; Mutual

B. L. Ins. Co. v. Swett, 222 Fed. 200 (137 C. C. A. 640) ; Martin v. Stubbings, 126 Ill. 387 (18. N. E. 657, 9 Am. St. R. 620) ; Mente v. Townsend, 68 Ark. 391 (59 S. W. 41) ; Atlantic Mut. L. Ins. Co. v. Gannon, 179 Mass. 291 (60 N. E. 933) ; 14 R. C. L. 998, § 171; *Rattray* v. *Banks,* 31 *Ga. App.* 589 (121 S. E. 516) ; *Farmers State Bank* v. *Kelley,* supra.

But counsel for the defendant in error with great zeal contends that the above ruling is not the true law of the case; and with much confidence he cites in support of this contention the cases of Johnson v. New York L. Ins. Co., 56 Colo. 178 (138 Pac. 414) ; Sullivan v. Maroney, 77 N. J. Eq. 565 (78 Atl. 150) ; Anderson v. National Bank, 90 N. J. Eq. 78 (105 Atl. 599) ; Deal v. Deal, 87 S. C. 395 (69 S. E. 886, Ann. Cas. 1912B, 1142) ; Schoenholz v. New York Life Ins. Co., 234 N. Y. 24 (136 N. E. 227) ; Muller v. Penn Mut. L. Ins. Co., 62 Colo. 245 (161 Pac. 148). These authorities tend to support this contention of counsel. The first of the above cases, involving a parol assignment of the policy, was a contest between volunteers claiming as beneficiaries; and the decision was by a divided court. In the second case cited the insured and the beneficiary had separate interests in the policy; the assignment was specifically "of such right, title, and interest" as the insured had in the policy.; and it does not appear that the insurer approved or acknowledged the assignment, and made proper indorsement thereof on the policy. The Court of Appeals of New Jersey held that this assignment should be construed as giving to the assignee only the separate interest of the insured under the policy, and not as a substitution of the assignee as beneficiary. The assignment of the policy which we have under consideration is of much broader scope that that dealt with by the New Jersey court. Anderson v. National Bank, supra, clearly supports the contention of counsel. The provisions of the policy as to change of beneficiary and assignment, dealt with in that case, are the same as those under consideration in this case. In that case the assignment was on a form furnished by the insurer, the assignment was filed at the home office of the insurance company, and the bank advanced $8,800 to a corporation which the insured was operating, upon the assignment as security. That case is a pat authority for the position taken by counsel for the defendant in error. The reasoning in that case was that both the insured and

the beneficiary had separate interests under the policy, that the assignment should be held to transfer only the interests of the insured in the policy, that an assignment of a policy and a change of beneficiary are not the same but different things, that an assignment is the transfer by one of his right or interest in property to another, that the power to change the beneficiary is the power to appoint, and that in consequence the assignment of the policy by the insured is not the exercise of the power to appoint. What is said of the case last discussed is applicable to the case of Douglass *v.* Equitable L. Assur. Soc., 150 La. 519 (90 So. 834), with the additional remark that the decision was by a divided court.

In Muller *v.* Penn Mut. L. Ins. Co., supra, the assignment was not filed with the insurer and was not accepted by him. In Schoenholz *v.* New York L. Ins. Co., supra, the assignment was not in writing, both the insured and the beneficiary had well-defined interests under the policy, and the decision was by a divided court. In Deal *v.* Deal, supra, the assignee was a volunteer. Under the policy involved in that case, both the insured and the beneficiary had separate and distinct interests. Besides, the policy was not sent with the assignment to the company for its indorsement of such assignment on the policy. If this had been done, Judge Gary, who delivered the opinion in that case, said, "it might have been a request to have the change of beneficiary indorsed thereon."

We derive great benefit from the decisions of learned judges of the courts of last resort of other States, and gladly acknowledge our great indebtedness to them. But we should not blindly follow authorities. We should, as far as capable, subject them to the rule of reason. So doing, we cannot subscribe to the reasoning upon which the decisions in the cases referred to rest. We do not believe that the conclusion reached by those courts is the true law on this subject. There is plausibility in the view that the mere assignment by the insured of his right, title, and interest in a policy, when both he and the beneficiary have distinct interests thereunder, does not amount to a substitution of the beneficiary. A mere general assignment of a policy might not have the effect of changing the beneficiary. But under the assignment involved in this case, in which the insured not only assigned all his right,

title, and interest in and to the policy, but likewise assigned "all dividends, benefits, and advantages to be had or derived therefrom," and where such assignment was filed with the insurer at its home office, and its receipt duly acknowledged by the company, and proper indorsement of that fact entered on the policy, this was in effect a substitution of the assignee for the original beneficiary, and not a mere assignment of the policy.

The Supreme Court of Massachusetts, in dealing with this question in Atlantic Mut. L. Ins. Co. *v.* Gannon, supra, has well said: "The only question in the case is whether there was a change and substitution of beneficiary by the assured, with the consent of the association. The answer to this question depends on whether we construe the quoted provisions broadly and liberally, or narrowly and strictly. The assured made an assignment of the policy, for a valuable consideration, to one who was her creditor for a large amount, and her nearest relative. This assignment was made on a printed blank furnished for the purpose by the association. The correspondence between the representative of the assured and the secretary of the company shows very plainly that the change was consented to by the association. Was this a change of beneficiary, and a substitution of a new one? The assignment purports. to assign and convey all the right, title, and interest of the assured in the policy, 'and all benefit and advantage to be derived therefrom, subject to all the conditions of the contract.' The principal 'benefit and advantage to be derived therefrom' was the right to receive payment of the stipulated sum after the death of the assured. This constituted the assignee the beneficiary under the policy, and put her in the place of the original beneficiary. In view of the fact that the assured had absolute control of the policy, and of all rights under it, provided she acted with the consent of the association, we think it better to hold, in accordance with the manifest intent of the parties, that this assignment, made with the company's consent, constituted a change of beneficiary, as much as if there had been a formal substitution of the second beneficiary for the first, with a reference to the part of the policy in which the name of the beneficiary appeared." This, we think, states the true law of the case. The insured paid the premiums on this policy. He reserved the right to change the beneficiary, and to assign the policy. He did assign it to the bank and secured a

sum of money equal to the face of the policy. By his assignment he, in effect, directed the insurer to pay the amount of the policy on his death to the bank, to reimburse it for the sum it had loaned to him. The insurer consented to the assignment. It was filed at its home office. The proper indorsement of the assignment was made on the policy. This was, in effect, a substitution of the assignee for the original beneficiary. The amount due on the policy should be paid to the bank, or so much thereof as is necessary to discharge its debt. The balance, if any, should go to the original beneficiary.

We have been asked to review and reverse the case of *Farmers State Bank* v. *Kelley*, supra. We believe that case is correct, and we decline to review and reverse it.

The petition in this case failed to set out a cause of action, and the judge erred in overruling the demurrer.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*