BALDWIN *et al.*, executors, *v.* WHEAT *et al.*

No. 7428.  April 18, 1930.

*E. R. Lambert, C. S. Baldwin Jr.,* and *Miles W. Lewis,* for plaintiffs.

*Joseph P. Brown,* for defendants.

HINES, J.  On January 24, 1920, C. J. Wheat and Willie E. Wheat gave to Rosa D. Robinson their note for $1,250 principal, due January 24, 1921, with interest from date at the rate of 8% per annum; and to secure the same they executed and delivered to the payee of said note their warranty deed to certain described land.  On January 31, 1925, Mrs. Robinson, for value received, indorsed, transferred, and assigned said note and deed, without recourse on her, to A. O. Wilson.  At the time of said transfer, C. J. Wheat held a benefit certificate in the Modern Woodmen of America, a mutual benefit association, and his wife, Ona Wheat, was named as the beneficiary therein.  Mrs. Robinson was pressing the makers of said note for payment thereof, and to induce Wilson to purchase the same in order that further time might be obtained thereon, and to better secure the same, the insured and the beneficiary in writing transferred, assigned, and delivered to said Wilson said benefit certificate.  In said assignment is the stipulation that "we agree that in the event of the death of Columbus J. Wheat, that

the insurance under benefit certificate No. 2314650 on the life of Columbus J. Wheat for $3,000.00 shall be used to pay off said note which is secured by a security deed on my [the husband's] home and farm of seventy-five acres, more or less, which will clear up the debt on my [the husband's] farm. We agree to allow said benefit certificate to remain with my [the husband's] note due said . . Wilson until same has been fully paid. We also agree to keep premium paid up on the insurance at all time." This assignment was signed by C. J. Wheat and his wife, Ona Wheat, on January 31, 1925. The insured died, and the insurance money of $3,000 was claimed by his wife, and by the executors of A. O. Wilson. The insurer, which occupied the position of a stakeholder and stood indifferently as between the claimants to the fund, paid the amount of said certificate over the respective attorneys of the wife and of the estate of Wilson, under a written agreement. This agreement recites that the wife is the beneciary named in said certificate held by her deceased husband at the time of his death, and that Wilson's estate claims that said certificate was transferred to Wilson to secure a debt of the husband. The agreement then provides that in order that the insurer may pay over the amount of said insurance, in order that the rights of the estate of Wilson may be preserved so that the money will stand in the place of said certificate, it is agreed that the amount of said insurance be turned over to the attorneys for said parties, and be by them invested in government bonds or other safe security pending the settlement by litigation of the rights of said parties, such securities or the money to stand in the place of said certificate. The agreement further provided that if no settlement was made between the parties the attorney for the estate of Wilson should within 60 days from date file a bill against the wife to have their rights fixed and determined, the rights of neither party to said insurance to be in any way changed or affected by the conversion of said certificate into money or securities, but their respective rights were to remain as if said certificate had not been paid over as herein agreed. Said agreement further provides that said certificate had been delivered to Wilson under the above transfer, and was now being held by the attorney for his estate, in order to protect the interest of Wilson's estate in the surrender to the insurer of said certificate, which surrender was made a condition precedent to the payment of the

insurance, that in consideration of the surrender of said certificate to the insurer, the check for said insurance, which was issued to the wife by the insurer, should be sent to the local camp clerk of the insurer, and that when received, all of the parties should meet at the office of the attorney for the executors of Wilson and that said local camp clerk of the insurer would then deliver said check to the wife, who at that time was to indorse and deliver it to the attorneys of the respective parties to be invested as hereinbefore stated pending the adjudication of said claim of the estate of Wilson.

In pursuance of said agreement the insurance was paid over to the attorneys of the respective parties as therein provided; and within the time prescribed the executors of Wilson filed their petition against the wife and the insurer in Greene superior court, for the purpose of having the rights of the parties to said insurance fixed and determined. In their petition the executors alleged the facts hereinbefore stated, and in addition thereto made these allegations: 'By a subsequent agreement $1,500 of said insurance was paid over to the wife, and the remaining $1,500 is now held by the attorneys for the respective parties subject to the adjudication of their respective rights thereto. The wife had been appointed by the court of ordinary, in August, 1928, administratrix of the estate of her husband, for which reason petitioners can not commence suit against her as administratrix and against Willie E. Wheat on said note until after the expiration of 12 months from the date of such appointment. Petitioners further allege that in equity and in law they are entitled to receive the $1,500 held as aforesaid to be applied to the payment of said note and the release of the land from the security deed given to secure its payment, that the intent of the transfer of said benefit certificate was not alone to better secure said note and induce Wilson to purchase it, but in the event of the death of the husband to relieve his home place of the loan deed at once, and to avoid the delay and expense incident to foreclosure of the loan deed and note. It is further alleged that by bringing this action petitioners do not, in any wise, waive or release their right and claim as against said land, and as against Willie E. Wheat, and the administratrix of the husband, or against said estate; but expressly reserve any and all rights and remedies in the premises pending the final adjudication of their

claim to the $1,500 as aforesaid. Petitioners prayed that their right to said fund be established by decree of the court, and that they have such other and further relief as the facts of the case entitle them to. Attached to the petition as a part thereof is a copy of the application of the husband for this insurance and a copy of the certificate issued in pursuance thereof. There is in neither document any provision authorizing the insured to substitute in place of the beneficiary named in the certificate any other person, or to transfer and assign the certificate of insurance.

The wife demurred to the petition brought by the executors of Wilson, upon the grounds (1) that it sets forth no cause of action; (2) that under the allegations of the petition, petitioners are not entitled to the equitable relief sought; (3) that the purported transfer or assignment of the benefit certificate, as alleged in the petition, is shown thereby to have been made by the wife to secure her husband's debt, and is not binding upon her; (4) that the money due a married woman as the beneficiary in a benefit certificate of a fraternal benefit society can not be given or decreed to any other than said beneficiary, and is not transferable or assignable by the wife or husband before the death of the latter; and (5) that said suit is an undertaking to take, appropriate and apply by legal and equitable action the money of the wife as the beneficiary named in the benefit certificate issued by the Modern Woodmen of America, which is illegal and contrary to law. The court sustained the demurrer and dismissed the petition, and the executors of Wilson excepted.

■ One of the questions for decision in this case is whether the insured under a certificate issued by a mutual benefit association, in which his wife was named as the beneficiary, could change the beneficiary in the absence of a statute authorizing such change, or of a provision in the constitution, by-laws or regulations of such association authorizing such change, or a provision in the benefit certificate authorizing such change, and in the absence of a statute or provision in the constitution, by-laws or regulations of the association, or provision in the certificate, limiting or restricting such right to change the beneficiary. In ordinary life insurance, where no power to change the beneficiary or right to assign the policy is reserved in the policy, the issuance of the policy confers a vested right on the person so named as beneficiary, and the insured can

not transfer such interest to any other person without the consent of such beneficiary. *Smith* v. *Head, 75 Ga. 755; Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46) ; *Roberts* v. *Northwestern National Life Ins. Co.,* 143 *Ga.* 780, 782 (85 S. E. 1043) ; *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (3) (118 S. E. 197) ; *Merchants Bank* v. *Garrard,* 158 *Ga.* 867, 871 (124 S. E. 715, 38 A. L. R. 102). When, however the right of divestiture or change of beneficiary is reserved in the policy, the right of the beneficiary is not absolute and irrevocable; and the insured may at will assign the policy or change the beneficiary therein. *Nally* v. *Nally, 74 Ga.* 669 (58 Am. R. 458) ; *Ogletree* v. *Ogletree,* 127 *Ga.* 233 (55 S. E. 954) ; *Farmers State Bank* v. *Kelley,* and *Merchants Bank* v. *Garrard,* supra. The rule first above announced does not apply in this State to certificates issued by mutual benefit societies. In such societies it is generally held that the beneficiary named in the certificate does not stand in the same position as the beneficiary named in an ordinary life-insurance policy. This court has held that the beneficiary in a certificate issued by a mutual benefit association upon the life of one of its members is a mere volunteer beneficiary and such beneficiary has no vested interest therein prior to the death of the member. In such certificate the beneficiary has only an expectancy, and not a vested interest, so as to prevent the member from making a change and substituting another beneficiary. Therefore the member may change his beneficiary without other limitations or restrictions than such as are imposed by statute, the articles of incorporation, the by-laws or the certificates of the association, where no equities exist in favor of the original beneficiary. *Smith* v. *Locomotive Engineers &c. Association,* 138 *Ga.* 717 (76 S. E. 44) ; *Royal Arcanum* v. *Riley,* 143 *Ga.* 75, 78 (84 S. E. 428) ; *Mitchell* v. *Langley,* 143 *Ga.* 827, 829 (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469) ; *Dell* v. *Varnedoe,* 148 *Ga.* 91 (2) (95 S. E. 977) ; *Farmers State Bank* v. *Kelley,* supra. It follows from this principle that the insured can at any time change the beneficiary named in a certificate issued by a mutual benefit association and designate some one else as beneficiary.

The reason for the above distinction between the right of a beneficiary in a policy of life insurance, in which there is no provision for the right of divestiture or change of beneficiary, and the right

of a beneficiary under a certificate issued by a mutual benefit society, where there is no such right of divestiture or change of beneficiary reserved, is discussed on page 829 of the decision in *Mitchell* v. *Langley*, supra. The reasons given for this distinction in the case cited do not seem to the writer to be clear and convincing. Why the insured in an ordinary life-insurance policy can not change a beneficiary unless the right to do so is given by the policy, and yet an insured under a certificate issued by a mutual benefit association can do so without such reservation of the right of divestiture or right to change the beneficiary, does not seem to be entirely satisfactory. However, this court has recognized and adopted this distinction, and the same should not now be disregarded. So we are of the opinion that the insured under a certificate in a mutual benefit association can change the beneficiary named therein without the consent of such beneficiary, and such change of beneficiary does not in any way affect any vested right of the original beneficiary.

■ The next question for decision in this case involves the method by which such change of beneficiary can be effected. A mutual benefit association may make reasonable regulations providing the method by which a member may change the beneficiary named in his benefit certificate; and when such regulations are made they become part of the contract, and the right to change the beneficiary as between the association and its member can be exercised in no other way. *Merchants Bank* v. *Garrard*, supra. If, however, the insured has done substantially all that is required of him, or all that he is able to do, to effect the change of beneficiary, and all that remains to be done is ministerial action on the part of the association, the change will take effect though the details are not completed before the death of the insured. Some affirmative action on the part of the member to change the beneficiary is required. His mere intention will not suffice to work a change of beneficiary. *Smith* v. *Locomotive Engineers &c. Asso.*, supra. Regulations of the association which provide the method for the change of the beneficiary must be complied with by the insured, to effect such change; and failure to comply with such regulations will make the attempt by the insured to change the beneficiary ineffectual. However, such regulations are made solely for the benefit and protection of the association; and where the association pays the fund into court, under an agreement that one of the claimants

must file an equitable proceeding against the other to determine their rights thereto, the court may award the fund on equitable principles, and without regard to the technical defenses open to the association under regulations made by it for the change of such beneficiary. Between the adverse claimants such regulations, in a court of equity, have no effect except to aid and ascertain the intention of the insured. *Dell* v. *Varnedoe,* supra. But in this case it does not appear from the record that the association has adopted any regulations providing for the method by which a beneficiary could be changed. As we have seen, the insured has the right to make such change without the consent of the original beneficiary. Having the right to make the change, and it not appearing that the insurer had made any regulations providing for such change, the insured could adopt any reasonable method for making such change. It has been held that where a policy of insurance provided for an assignment thereof, such provision furnished a proper method of changing the beneficiary; and that such assignment worked a change of beneficiary as effectually as if there had been a substitution of the assignee for the beneficiary in that part of the policy in which the name of the beneficiary appeared. Such an assignment was, in effect, a substitution of the beneficiary. *Merchants Bank* v. *Garrard,* supra. The beneficiary can not take advantage of the failure of the insurer to consent to such assignment, and of its failure to attach a memorandum of such consent to the policy during the life of the insured. *Farmers State Bank* v. *Kelley,* supra. We see no reason why, in the absence of regulations governing the matter, the insured could not effect a change of beneficiary by an assignment of the benefit certificate. Where the insurer made no objection to the assignment of the certificate, and paid the proceeds thereof into court under an agreement that the assignee should file suit against the original beneficiary for the purpose of determining which one of the two was entitled to the proceeds of the certificate, the insurer waived any objection to the method pursued by the insured in effecting the change of beneficiary, and the original beneficiary can not raise any objection as to the method pursued by the insured in effecting the change of beneficiary.

■ It is next urged that the transfer of the certificate by the insured and his wife, the latter being the beneficiary therein, to Wil-

son was void for the reason that it was made by the wife to secure an indebtedness of the husband. We have seen that the wife was a mere volunteer beneficiary, and that she had no vested interest in this certificate of insurance. The husband, as we have seen, could transfer such certificate to his creditor without the consent of the wife, and without her joining in the transfer. She had no interest which she could transfer and assign. She had a mere expectancy which was defeated by the assignment made by the insured. As her joining in the assignment conveyed no interest of hers, the assignment did not amount to a transfer of the wife's property in payment of her husband's debt. *Farmers State Bank* v. *Kelley*, supra; *Rattray* v. *Banks*, 31 *Ga. App.* 589 (2) (121 S. E. 516).

■ If the assignee of the certificate was ineligible under the law to be made a beneficiary thereunder, such objection could only be raised by the order itself, and an admission of liability on the part of the order, and payment of the fund to the attorneys of the adverse claimants to await judicial determination of their rights thereto, was a waiver of any objection to the eligibility of the new beneficiary. *Dell* v. *Varnedoe*, supra; *Shinholser* v. *Henry*, 151 *Ga.* 237 (106 S. E. 719).

■ Applying the above principles, the able and learned trial judge erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur.*