BANKERS HEALTH & LIFE INSURANCE CO. *v.* CROZIER.

No. 13632. MAY 14, 1941.

*Turpin & Lane* and *M. Davis,* for plaintiff in error.

*T. T. Molnar,* contra.

JENKINS, Justice. ■ Where no power of divestiture is reserved in a policy of life insurance, the issuance of the policy confers a vested right upon the person named therein as beneficiary, and the insured can not transfer such interest to any other person

without the consent of such beneficiary. *Perry* v. *Tweedy,* 128 *Ga.* 402 (57 S. E. 782, 119 Am. St. R. 393, 11 Ann. Cas. 46) ; *Smith* v. *Head,* 75 *Ga.* 755; *Baldwin* v. *Wheat,* 170 *Ga.* 449, 453 (153 S. E. 194). The rule is different, however, where a power to change the beneficiary or to assign the policy is reserved to the insured by the terms of the instrument; and in such a case the issuance of the policy does not confer a vested right or interest upon the beneficiary. *Hawkes* v. *Mobley,* 174 *Ga.* 481, 483 (163 S. E. 494) ; *Washburn* v. *Washburn,* 188 *Ga.* 468 (4 S. E. 2d, 35) ; *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (3), 737 (118 S. E. 197), and cit.; *Nally* v. *Nally,* 74 *Ga.* 669, 674 (58 Am. R. 458) ; *Ogletree* v. *Ogletree,* 127 *Ga.* 232 (2), 237 (55 S. E. 954). Accordingly, the first question propounded by the Court of Appeals must be answered in the negative.

■ A beneficiary named in a policy of life insurance acquires no vested right therein merely by virtue of paying the premiums, which, in the absence of any contractual obligation so to do, will be deemed gratuitous. 2 Couch's Cyc. of Ins. Law, 1038, § 351, and cit.; 7 Cooley's Briefs on Insurance, 6407, 6435, and cit. Accordingly, the second certified question must be answered in the negative.

■ In a policy of life insurance which reserves to the insured a right to change the beneficiary, the beneficiary by a mere payment of the premiums, without any valid contractual obligation so to do. would acquire no right to notice of an intended cancellation of the policy under an agreement between the insurer and the insured. In such a case, where the beneficiary has no vested interest in the policy, but the policy by its terms gives to the insured the specific right to change the beneficiary, a cancellation of the policy would not infringe upon any right of the beneficiary, any more than would a change of the beneficiary or an assignment of the policy. In *Merchants Bank* v. *Garrard,* 158 *Ga.* 867, 872 (124 S. E. 715), it was held that an assignment to creditors by the insured of a life-insurance policy amounts to a change of the beneficiary. See *Baldwin* v. *Atlanta Joint Stock Co.,* 189 *Ga.* 607, 609 (7 S. E. 2d, 178). By parity of reasoning, a cancellation of the policy would have the same effect in so far as any right of the beneficiary would be involved. Accordingly, the third question propounded by the Court of Appeals must be answered in the affirmative. The ruling in

*Roberts* v. *Northwestern National Life Insurance Co.,* 143 *Ga.* 780 (85 S. E. 1043), although a case in which the policy reserved to the insured a right to change the beneficiary, appears to have been grounded on a special provision in the policy, whereby a vested interest was in fact conferred upon the beneficiary by the language of the special provision of the policy, quoted in that opinion. This being the purport of that decision, the language embodied in the *Roberts* case, to the effect that the right reserved in such a life-insurance policy to change the beneficiary does not include the right to surrender and cancel the policy without the consent of the beneficiary, would have application only where the beneficiary, despite the right of the insured to change the beneficiary, nevertheless owned a vested interest in the policy.

An answer to the fourth question propounded by the Court of Appeals is not necessary, since it is requested only in the event the first question should be answered in the affirmative.

A considerable portion of the brief of counsel for the beneficiary named in the policy is devoted to the contention, that, even though the insured should be held not to own a vested interest in the policy, she is none the less not a stranger thereto, and that a change in the beneficiary or any action equivalent thereto must, in order to bind the beneficiary named in the policy, be effected in the manner provided by the terms of the policy. Since it does not appear from the questions propounded that any ruling by this court is desired upon these propositions, no ruling or intimation is made with reference thereto.                    *All the Justices concur.*