BONNER *v.* MERCHANTS BANK OF McRAE; *et vice versa.*

Nos. 6932, 6933.   JULY 12, 1929.

*J. K. Whaley* and *William B. Kent,* for plaintiff in error in main bill of exceptions.

*W. S. Mann,* contra.

HILL, J.   The Mutual Life Insurance Company of Newark, New

Jersey, filed its petition for interpleader, as set out in the foregoing statement, and after a hearing on the sufficiency of the application it was granted, and the defendant ordered to interplead, etc. See Civil Code (1910), § 5471. Mrs. Bonner and the Merchants Bank of McRae (hereinafter referred to as the bank) filed their respective answers. The bank's demurrer to the answer of Mrs. Bonner was sustained, and judgment was entered as set out in the statement of facts. Mrs. Bonner excepted. The bank filed a cross-bill of exceptions to the order allowing the petition for interpleader, making the defendants parties and requiring them to interplead, and enjoining them as prayed. The three parties were all before the court. Mrs. Bonner filed her answer and averred in substance that she did sign, together with her husband, James M. Bonner, the assignment of the policy of insurance on the life of James M. Bonner, to the bank, and in which Mrs. Bonner, the wife, was the named beneficiary, to secure an indebtedness of only $286, which was borrowed from the bank for the purpose of paying the premium on the policy of insurance. The whole amount of the policy was $10,000. Mrs. Bonner averred that she was ready and willing to pay the $286 out of the money due her on the policy of insurance, but that the balance due her on the policy over and above the $286 by the insurance company was due to her as the beneficiary named in the policy, and that it was not due the bank; that the assignment of the policy by her and her husband was executed in blank, and that the signatures to the assignment were not those of her husband and herself, but they were forgeries; that whatever sums of money were borrowed from the bank by her husband, in addition to the $286 with which to pay the premium due on the policy of insurance, were obtained from the bank after the assignment of the policy to secure the $286, and no other sum of money was loaned to her husband by the bank on the faith of the assignment of the policy; that she has a fixed interest in the contract of insurance as a beneficiary; and she prayed judgment by the court for the amount due her by the insurance company under the policy, less the sum of $286. After stating her reasons for signing the assignment of the policy to the bank, she averred, that, "with this assurance on the part of my said husband, I then signed the change of the said beneficiary with the said above-named pen (Spencerian), and I signed the name of 'Vera Olivia Bon-

ner ' to the same, and the name now appears on the said contract of the said change of beneficiary as the name of Mrs. ' Vera M. Bonner,' and the same is not my signature, is not now, and the same has never been my signature, and the same is true as to the present appearing signature of my said husband, as the signatures we put there have been changed in a material point, and by some one claiming a benefit under the same, and changed in a material part thereof, and the said change was done with intent to defraud the said respondent, and done with the fixed purpose of taking from her said rights as a beneficiary under the terms of the policy. She agreed to pay and now agrees to repay the said $286 under the terms of the law; and since the said change of the name and the signature of the said James M. Bonner, and the said change of Vera Olivia Bonner to the way the signatures now appear on the said original change of the said beneficiary, that they both signed, this said change being in a material part, in that it changed their names, and changed the terms and conditions, she elects to void the entire contract, save as to the way in which it was originally signed, and she now agrees to have deducted from the face of the policy the said amount with accrued interest on the same, so that the said contract can be enforced just as it was originally made, and thereby enforcing the agreement as to the same," etc.

A copy of the insurance policy was attached to the petition for interpleader, one paragraph of which is as follows: "To have the beneficiary changed. This change may be made at any time and from time to time while the policy is in force, or within one month from default in premium payments." Attached to the policy is the following copy of assignment of the policy of insurance: "Assignment of policy. No. 889,381. $10,000. Atlanta, June 28, 1920. In the Mutual Benefit Life Insurance Company of Newark, N. J. Life of James M. Bonner. For value received we do hereby assign, transfer and set over unto the Merchants Bank, McRae, Georgia, the above-named policy of insurance, and all sum or sums of money, interest, benefit, and advantage whatsoever, now due or hereafter to arise, or to be had or made by virtue thereof; to have and to hold unto the said the Merchants Bank, the said assignee hereby agreeing that in any settlement of the said policy there shall first be deducted all their existing indebtedness to the company on said policy. In witness whereof we have hereunto

set our hand the 24th day of June, one thousand, nine hundred and twenty, at McRae, County of Telfair, State of Georgia. James M. Bonner, Vera M. Bonner. Signed in the presence of G. B. Ashley, [The name of the other witness is too indistinct to be copied.] Received by the Mutual Benefit Life Ins. Co. of Newark, N. J. J. W. Johnson, Secy. W. J. A."

The first ground of the bank's demurrer to the answer of Mrs. Bonner is as follows: "The allegations of said amendment, in so far as they set up forgery or non est factum, are insufficient, and show the execution of the contract set out in the bill and answer of this defendant; in so far as alleging alteration, are insufficient in that they fail to point out with sufficient definiteness what alteration was made, wherein material, and the only alteration claimed is in the names of the makers of said assignment, but no injury to such makers or benefit to the holder of the change of beneficiary is thereby shown, as execution of contract is admitted. And said plea comes too late, being the third term since the filing of said suit."

We are of the opinion that the pleas of non est factum, and of forgery, as set out in Mrs. Bonner's answer, are insufficient to constitute such pleas, and that the court below did not err in so holding in effect. We are also of the opinion that the court did not err, under the pleadings and evidence, in rendering the judgment set out in the statement of facts, or in any of the other rulings complained of. The policy having a clause authorizing a change in the beneficiary, and the assignment of the policy and change of beneficiary being regular on its face, no sufficient legal reason appearing as to why the assignment and change of beneficiary is void, the court below did not err in the judgment of which complaint is made. See *Farmers State Bank* v. *Kelley,* 155 *Ga.* 733 (3, 6) (118 S. E. 197); *Merchants Bank* v. *Garrard,* 158 *Ga.* 867 (2, 4) (124 S. E. 715, 38 A. L. R. 102).

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*