27736. ALDAY, administrator, *v.* RELIANCE LIFE INSURANCE COMPANY.

Decided November 16, 1939.

*Titus & Dekle,* for plaintiff. *Heyman & Heyman,* for defendant.

Stephens, P. J. Grady Alday, as administrator of the estate of William S. Barwick, brought suit against Reliance Life Insurance Company of Pittsburgh, Pennsylvania, on a policy of life insurance. The plaintiff alleged that his intestate died June 17, 1936, leaving surviving him a wife and children; that on January 29, 1925, the defendant issued to Barwick a life-insurance policy in the sum of $5000; that this policy was in full force and effect on the day of the death of Barwick, and, under its terms, there was due and payable to his legal representatives $4602; that he had demanded payment which had been refused; that due proofs of the death of Barwick in accordance with the requirements of the policy had been furnished the defendant and accepted by it; that all conditions precedent required by the policy had been complied with; that the insured had reserved under the policy the right to change the beneficiary subject to approval by the defendant; that on April 22, 1926, the insured made a written assignment of all his right, title, and interest in the policy to Homer Williams Lumber Company, which was the trade name of Homer Williams, "so far as their interest shall appear," which assignment

was assented to and approved by the defendant, and was signed by the insured and by Carrie B. S. Barwick, beneficiary; that the policy provided that "if any beneficiary shall die before the insured, and the insured shall not have designated a new beneficiary, the interest of such beneficiary shall be payable to the insured's executors, administrators, or assigns;" that Homer Williams predeceased the insured; that at the time of the death of the insured he was not indebted to Homer Williams or the lumber company in any sum; that Homer Williams was not related to the insured and had no insurable interest in his life other than as a creditor or assignee; that suit was filed within the limitation period of the policy; that a copy of the policy was not attached because the policy had been surrendered to the defendant when the proofs of death were furnished.

The provisions of the policy respecting the substitution of a beneficiary are as follows: "The insured, subject to any existing assignment of the policy, may designate a new beneficiary, by filing written notice thereof at the home office of the company, accompanied by the policy for suitable endorsement thereon. If any beneficiary shall die before the insured, and the insured shall not have designated a new beneficiary, the interest of such beneficiary shall be payable to the insured's executors, administrators, or assigns." The assignment reads as follows: "For value received I hereby assign and transfer unto Homer Williams Lumber Company of Thomasville, Georgia, so far as their interest shall appear, all of my right, title, and interest in" the policy referred to in the petition and sued on in this case.

The defendant demurred to the petition generally. To the judgment of the court sustaining the demurrer and dismissing the petition the plaintiff excepted.

It is contended by the plaintiff that because of the death of Homer Williams prior to the death of the insured, there having been no change of beneficiary or designation of a new assignee after the death of Homer Williams, on the death of the insured the proceeds of the policy under the provisions thereof reverted to the estate of the insured. The plaintiff urges that, under the decision in *Merchants Bank* v. *Garrard*, 158 *Ga.* 867 (124 S. E. 715, 38 A. L. R. 102), on the assignment of the policy by the insured and the primary beneficiary, with the consent of the com-

pany, to Homer Williams Lumber Company, such assignee became the beneficiary; that the insured in this manner effected a change of beneficiary, and that Homer Williams, trading as Homer Williams Lumber Company, was a substituted beneficiary, and, under the provisions of the policy, when he predeceased the insured and the insured died without having made any substitution of beneficiary under the policy the interest of the substituted beneficiary was payable to the executors, administrators, and assigns of the insured. We can not agree to this proposition. It was held in *Merchants Bank* v. *Garrard,* supra, that where there is an assignment of a policy of life insurance there is a "change of beneficiary just as if there had been a substitution of the assignee for the beneficiary in that part of the policy in which the name of the beneficiary appears." "Such an assignment," it was said, "is, in effect, a substitution of a new beneficiary." In that case the court was dealing with an assignment for a valuable consideration, which transferred to the assignee all interest whatsoever in the policy, including the interest of any beneficiary, the insured, under the policy, having the right to change the beneficiary.

Assuming for the sake of argument that the assignment in the case now before the court, under the authority of the *Garrard* case, supra, operated to constitute Homer Williams Lumber Company, not only as the assignee of the insured, but also as a substituted beneficiary, Homer Williams Lumber Company was not such a beneficiary as is contemplated in the provisions of the policy reading as follows: "The insured, subject to any existing assignment of the policy, may designate a new beneficiary, by filing written notice thereof with the home office of the company, accompanied by the policy for suitable endorsement thereon. If any beneficiary shall die before the insured, and the insured shall not designate a new beneficiary, the interest of such beneficiary shall be payable to the insured's executors, administrators, or assigns." The beneficiary contemplated in these provisions of the policy is a beneficiary constituted merely by designation of the insured, and is not such a beneficiary as is constituted by an assignment of all the insured's right, title, and interest in the policy, for value received, to an assignee by a contract of assignment which constitutes the assignee not only the assignee under the policy but also a substituted beneficiary. Therefore, upon the death of Homer Williams, who

was trading as Homer Williams Lumber Company, notwithstanding he was a substituted beneficiary, the beneficial interest under the policy did not revert to the insured's executors, administrators, or assigns. The right to recover would be either in the representative of the assignee, or in the original beneficiary, and not in the representative of the deceased insured. The legal representative of the deceased insured is not entitled to recover on the policy.

The court properly sustained the general demurrer to the petition.

*Judgment affirmed. Sutton and Felton, JJ., concur.*